IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIGUEL GARCIA,                )
                              )
            Petitioner,       )
                              )
    v.                        )    No. 10 C 2618
                              )
                              )
MARCUS HARDY,                 )
                              )
                              )
            Respondent.       )

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Miguel Garcia's (Garcia) petition for writ of habeas corpus (Petition). For the reasons stated below, the court denies the Petition.

**BACKGROUND**

In 2004, a jury convicted Garcia in Illinois state court of first degree murder and aggravated discharge of a firearm. Garcia was sentenced to fifty-five years in prison. Garcia appealed the conviction, arguing that 730 ILCS 5/5-8-1(a)(1)(d)(iii) was unconstitutional as applied to his case and that the trial court had not properly admonished him with respect to his right to appeal the conviction. (R Ex. B, D Brief

1

2). Before the Illinois Appellate Court ruled on Garcia's appeal, Garcia withdrew his arguments relating to the constitutionality of 730 ILCS 5/5-8-1(a)(1)(d)(iii). (R Ex. D 1-2). On April 14, 2006, the Illinois Appellate Court affirmed Garcia's conviction. Garcia filed a petition for leave to appeal to the Illinois Supreme Court (PLA), which was denied on September 27, 2006.

On February 13, 2007, Garcia filed a post-conviction petition, and on March 16, 2007, the petition was summarily dismissed. On April 10, 2007, Garcia filed a motion to reconsider, which was denied on April 26, 2007. Garcia then appealed the dismissal of his post-conviction petition, and on May 28, 2009, the Illinois Appellate Court affirmed the dismissal. Garcia filed a PLA on his post-conviction appeal, which was denied on September 30, 2009. On August 18, 2010, Garcia filed the Petition in this action.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to

clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Garcia argues in his Petition: (1) that he was unconstitutionally denied due process and equal protection because 730 ILCS 5/5-8-1(a)(1)(d)(iii) should only be applied in cases where the use of a firearm causes severe injury or death to a person other than the murder victim (Claim 1), (2) that he was unconstitutionally denied due process and equal protection because the application of 730 ILCS 5/5-8/1(a)(1)(d)(iii) to his case results in a double-enhancement (Claim 2), (3) that his appellate counsel on direct appeal (Appellate Counsel) was ineffective for failing to make arguments relating to the fact that Alma Santillano's (Santillano) testimony at trial was contrary to the trial court's pre-trial *in limine* ruling and was not timely disclosed to defense counsel (Claim 3), and (4) that his Appellate Counsel was ineffective for failing to make arguments relating to the admissibility of evidence of Garcia's other crimes (Claim 4).

3

I. Procedurally Defaulted Claims

Respondent argues that all of Garcia's claims are procedurally defaulted and that there is no justification to excuse the default.

A. Defaulted Claims

Respondent contends that Garcia failed to raise any of his claims through one complete round of the state appellate process, and that they are thus defaulted. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review" and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct

4

appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025). In addition, "[w]hen a state court denies a prisoner relief on a question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003).

Respondent argues that Garcia failed to fairly and fully present his claims to the state courts. We have liberally construed Garcia's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition is entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Claims 1 and 2 both involve challenges to the application of 730 ILCS 5/5-8/1(a)(1)(d)(iii) in Garcia's case. Pursuant to 730 ILCS 5/5-8/1(a)(1)(d)(iii), "if, during the commission of [first degree murder], the person personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person, 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court." 730 ILCS 5/5-8-1(a)(1)(d)(iii). Garcia contends that 730 ILCS 5/5-8-1(a)(1)(d)(iii) is unconstitutional as applied to his case, arguing that it should only be applied in cases where use of a firearm causes severe injury or death to a person other than the murder victim and that the application of 730 ILCS 5/5-8-1(a)(1)(d)(iii) in his case results in a double-enhancement. The record shows that Garcia raised such arguments on direct appeal, but withdrew them before the Illinois

Appellate Court issued a ruling on his appeal. (R Ex. A 1-2). The record does not reflect that Garcia re-raised any arguments relating to 730 ILCS 5/5-8-1(a)(1)(d)(iii) at any other time during the state court proceedings. Thus, Claims 1 and 2 are procedurally defaulted.

Claims 3 and 4 involve the alleged ineffective assistance of Garcia's Appellate Counsel. Garcia contends that his Appellate Counsel was ineffective for failing to argue that the trial court abused its discretion in allowing certain testimony by Santillano to be admitted into evidence when it had not been disclosed prior to trial and was admitted in contravention of the trial court's pre-trial *in limine* ruling (Claim 3). Garcia also contends that his Appellate Counsel was ineffective for failing to argue that the trial court abused its discretion in admitting certain evidence of other crimes (Claim 4). Garcia raised Claims 3 and 4 in his post-conviction petition. (R Ex. M, Post-Conv. Pet. 2-3). The Circuit Court summarily dismissed Garcia's post-conviction petition, finding that "the issues raised and presented by [Garcia were] frivolous and patently without merit." (R Ex. M, March 2007 Order 11). After the Circuit Court denied Garcia's motion to reconsider, Garcia re-raised Claims 3 and 4 on appeal. (R Ex. H 5). After thoroughly analyzing the merits of Claims 3 and 4 under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the Illinois Appellate Court affirmed the Circuit Court's dismissal of Garcia's post-conviction petition. (R Ex. G 15-22). In his post-conviction PLA, Garcia did not raise Claims 3 and 4. Rather, Garcia argued that the Illinois Appellate Court had erred by considering the merits of Garcia's claims at the first stage of the post-conviction proceedings, instead of simply considering whether Garcia had stated the

gist of a constitutional claim. (R Ex. K 3). In the habeas context, a petitioner is deemed to have fully and fairly presented an argument to a state court only if the petitioner "articulat[ed] both the operative facts and applicable law. . . ." *Johnson*, 574 F.3d at 431; *see also Byers*, 610 F.3d at 985 (stating that "[a] petitioner must fairly present his federal claims to the state courts by arguing both the law and the facts underlying them"). Since Garcia failed to present Claims 3 and 4 in his post-conviction PLA, Garcia failed to fairly and fully present Claims 3 and 4, and such claims are therefore procedurally defaulted. Based on the above, Garcia failed to fully and fairly present any of his claims, and the claims are therefore procedurally defaulted.

B.  Whether Defaults Can be Excused

A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice").

1.  Cause and Prejudice

Generally, in order to show cause for defaulted claims, a petitioner must show "that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor*, 628 F.3d at 887 (quoting *Lewis,* 390 F.3d at 1026). A petitioner can establish prejudice by "showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Promotor*, 628 F.3d at 887 (quoting *Lewis,* 390 F.3d at 1026)(emphasis in original). In the instant action, Garcia has not made any arguments or provided any facts showing that he was prevented from presenting his claims in a manner that would have avoided the procedural default. Instead, Garcia just makes the conclusory statement that his claims are not procedurally defaulted. (Reply 3-4). Nor has Garcia provided facts that show that he suffered a prejudice, as required to excuse the procedural defaults.

2.  Fundamental Miscarriage of Justice

A review of the record indicates that there was ample evidence that shows that

Garcia was guilty of murder. (R Ex. A 2-3). The record does not indicate that the failure to excuse the procedural defaults would create a fundamental miscarriage of justice in this case. Thus, based on the above, each of Garcia's claims is procedurally defaulted and no justification has been presented to excuse the default.

### C. Merits of Garcia's Claims

Even if Garcia's claims were not procedurally defaulted, the court has reviewed the record in this matter, and Garcia's claims lack any merit. Garcia was convicted of first degree murder, and his sentence was enhanced based on Garcia's use of a firearm in committing the murder. Garcia has not shown that applying the sentencing enhancement found at 730 ILCS 5/5-8-1(a)(1)(d)(iii) to his case violates his due process or equal protection rights, or that it results in any other constitutional violation. *See People v. Sharpe*, 839 N.E.2d 492, 519 (Ill. 2005)(finding it appropriate to enhance a sentence "when murder is committed with a weapon that not only enhances the perpetrator's ability to kill the intended victim, but also increases the risk that grievous harm or death will be inflicted upon bystanders"); *see also United States v. Brown*, 634 F.3d 954, 957 (7th Cir. 2011)(indicating that "[d]ouble counting exists only if the offense itself *necessarily* includes the same conduct as the enhancement")(emphasis in original)(citation omitted)(internal quotations omitted); *United States v. Haynes*, 582 F.3d 686, 711 (7th Cir. 2009)(stating that "[t]he presence of some factual overlap is not sufficient to trigger the prohibition on double counting . . . where the two enhancements address distinct

aspects of a defendant's conduct")(citation omitted)(internal quotations omitted). Thus, in regard to Claims 1 and 2, Garcia has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the state court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Further, Garcia has not shown that his Appellate Counsel's conduct was beyond the scope of effective assistance of counsel. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland*, 466 U.S. at 687-88 (stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance" )(quoting in part *Strickland*, 466 U.S. at 689).

In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . .'" *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009)(quoting *Strickland,* 466 U.S. at

694). As noted above, there was ample evidence that shows that Garcia was guilty of murder. (R Ex. A 2-3). Thus, even if the evidence that Garcia objects to had not been admitted at trial, there was ample evidence upon which to convict Garcia. Therefore, in regard to Claims 3 and 4, Garcia has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the state court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Since Garcia has not provided any reasons to excuse the procedural default on his claims, nor shown that any of his claims have any merit, the court denies the Petition in its entirety.

## CONCLUSION

Based on the foregoing analysis, the court denies the Petition in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 11, 2011